O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KEITH B. GERVAIS,         ) Case No. EDCV 12-1115-JPR
                      )
          Plaintiff,   )
                      ) MEMORANDUM OPINION AND ORDER
         vs.         ) REVERSING COMMISSIONER AND
                      ) REMANDING FOR FURTHER
CAROLYN W. COLVIN, Acting  ) PROCEEDINGS
Commissioner of Social    )
Security,[1]               )
                      )
         Defendant.  )
                      )

**I.    PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying his application for Social Security Supplemental Security Income benefits ("SSI").  The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This matter is before the Court on the parties' Joint Stipulation, filed March 27, 2013, which the Court has taken under submission without oral argument.  For the

---

[1]    On February 14, 2013, Colvin became the Acting Commissioner of Social Security.  Pursuant to Federal Rule of Civil Procedure 25(d), the Court therefore substitutes Colvin for Michael J. Astrue as the proper Respondent.

reasons stated below, the Commissioner's decision is reversed and this matter is remanded for further proceedings.

## II. BACKGROUND

Plaintiff was born on May 11, 1970, and has a high school education. (Administrative Record ("AR") 42, 137.) He previously worked as a construction laborer, farm worker, and tree trimmer. (AR 152, 201.)

Plaintiff filed an application for SSI on September 30, 2008.[2] (AR 137-43.) He alleged that he had been unable to work since June 1, 2008, because of schizophrenia, manic depression, psychosis, and tactile and auditory hallucinations. (AR 137, 151.) His application was denied initially, on January 29, 2009 (AR 76-79), and upon reconsideration, on June 9 (AR 74-75).

On July 21, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 89.) A hearing was held on July 7, 2010, at which Plaintiff, who was represented by counsel, appeared and testified. (AR 34-73.) Medical Expert Dr. Joseph Malancharuvil and a vocational expert ("VE") also testified. (Id.) In a written decision issued on August 17, 2010, the ALJ determined that Plaintiff was not disabled. (AR 15-33.) On September 22, 2010, Plaintiff requested review of the ALJ's decision and submitted additional evidence to the Appeals Council; on April 6, 2012, the Appeals Council incorporated the additional evidence into the record and denied review. (AR 1-5.)

---

[2]   Plaintiff also filed an SSI application on November 30, 2007, which was denied at the initial level on March 27, 2008. (See AR 19.) Plaintiff apparently did not request review of that decision. (See id.)

This action followed.

**III.  STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. § 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  It is more than a scintilla but less than a preponderance.  Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996).  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  Id. at 720-21.

**IV.   THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months.  42

3

U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257
(9th Cir. 1992).

A.   The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process in
assessing whether a claimant is disabled.   20 C.F.R.
§ 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir.
1995) (as amended Apr. 9, 1996).   In the first step, the
Commissioner must determine whether the claimant is currently
engaged in substantial gainful activity; if so, the claimant is
not disabled and the claim must be denied.   § 416.920(a)(4)(i).
If the claimant is not engaged in substantial gainful activity,
the second step requires the Commissioner to determine whether
the claimant has a "severe" impairment or combination of
impairments significantly limiting his ability to do basic work
activities; if not, the claimant is not disabled and the claim
must be denied.   § 416.920(a)(4)(ii).   If the claimant has a
"severe" impairment or combination of impairments, the third step
requires the Commissioner to determine whether the impairment or
combination of impairments meets or equals an impairment in the
Listing of Impairments ("Listing") set forth at 20 C.F.R., Part
404, Subpart P, Appendix 1; if so, disability is conclusively
presumed and benefits are awarded.   § 416.920(a)(4)(iii).   If the
claimant's impairment or combination of impairments does not meet
or equal an impairment in the Listing, the fourth step requires
the Commissioner to determine whether the claimant has sufficient

4

residual functional capacity ("RFC")[3] to perform his past work;
if so, the claimant is not disabled and the claim must be denied.
§ 416.920(a)(4)(iv).  The claimant has the burden of proving that
he is unable to perform past relevant work.  Drouin, 966 F.2d at
1257.  If the claimant meets that burden, a prima facie case of
disability is established.  Id.  If that happens or if the
claimant has no past relevant work, the Commissioner then bears
the burden of establishing that the claimant is not disabled
because he can perform other substantial gainful work available
in the national economy.  § 416.920(a)(4)(v).  That determination
comprises the fifth and final step in the sequential analysis.
§ 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

    A claimant whose alcoholism or drug addiction is a
contributing factor material to a determination of disability is
not entitled to Social Security disability benefits.  See 42
U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to
be disabled for purposes of this subchapter if alcoholism or drug
addiction would . . . be a contributing factor material to the
Commissioner's determination that the individual is disabled.");
see also 20 C.F.R. § 416.935(a);[4] Ball v. Massanari, 254 F.3d
817, 824 (9th Cir. 2001).  When the claimant has a history of
drug or alcohol abuse, the five-step sequential evaluation must

---

    [3]   RFC is what a claimant can do despite existing exertional
and nonexertional limitations.  20 C.F.R. § 416.945; see Cooper v.
Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

    [4]   20 C.F.R. § 416.935(b)(1) further provides that "[t]he
key factor we will examine in determining whether drug addiction or
alcoholism is a contributing factor material to the determination
of disability is whether we would still find you disabled if you
stopped using drugs or alcohol."

1  first be conducted "without separating out the impact of
2  alcoholism or drug addiction." Bustamante v. Massanari, 262 F.3d
3  949, 955 (9th Cir. 2001); see also Parra v. Astrue, 481 F.3d 742,
4  748 (9th Cir. 2007).  If the ALJ finds that the claimant is not
5  disabled under the five-step inquiry, then the claimant is not
6  entitled to benefits and there is no need to proceed with the
7  analysis under 20 C.F.R. § 416.935.  If, however, after
8  conducting the five-step inquiry, the ALJ concludes that the
9  claimant is disabled and medical evidence exists of drug
10 addiction or alcoholism, then it must be determined whether the
11 claimant would still be found disabled if he stopped using
12 alcohol or drugs.  Bustamante, 262 F.3d at 955 (citing 20 C.F.R.
13 § 416.935).  At this stage, the claimant bears the burden of
14 proving that his alcoholism or drug addiction is not a
15 contributing factor material to his disability determination.
16 Ball, 254 F.3d at 822-23; see also Sousa v. Callahan, 143 F.3d
17 1240, 1245 (9th Cir. 1998) (remanding to give claimant
18 opportunity to present evidence relevant to this issue).

19       B.   The ALJ's Application of the Five-Step Process
20       At step one, the ALJ found that Plaintiff had not engaged in
21 any substantial gainful activity since September 30, 2008.  (AR
22 21.)  At step two, the ALJ concluded that Plaintiff had the
23 severe impairments of "substance induced psychotic disorder with
24 schizoaffective features; personality disorder not otherwise
25 specified; and polysubstance abuse, amphetamine in early
26 remission for 8 months and alcohol abuse with intermittent use."
27 (Id. (citation omitted).)  At step three, the ALJ determined that
28 Plaintiff's impairments, "including the substance use disorders,"

met section 12.02(c)(2) of the Listing, but if Plaintiff stopped the substance use his impairments would not meet or equal any listed impairments. (AR 22.) At step four, the ALJ made the following finding:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [sic] hand packager, DOT 920.587-018, . . .; industrial cleaner, DOT 381.687-018 . . .; and small products assembler II, DOT 739.687-030 . . . .

(AR 23.) The ALJ found that if Plaintiff stopped substance use he would be unable to perform his past relevant work. (AR 28.) Based on the VE's testimony, however, the ALJ found that if Plaintiff stopped substance use he could perform the jobs of hand packager, industrial cleaner, and small-products assembler. (AR 28-29.) Thus, the ALJ found that Plaintiff's substance use was a contributing factor material to the determination of disability under 20 C.F.R. § 416.935, and that if Plaintiff stopped substance use he would not be disabled. (AR 29.)

**V.   DISCUSSION**

Plaintiff argues that the ALJ erred in the following ways: (1) failing to identify Plaintiff's RFC in the written decision; (2) relying on the consultative examination report of Dr. Romulado Rodriguez because Dr. Rodriguez was on probation before the state medical board at the time he evaluated Plaintiff; and (3) evaluating the opinions of treating physician Dr. Christopher Fichtner and the other medical evidence of record. (J. Stip. at

7

1  4.)[5]  Because the ALJ erred in her consideration of the medical

2  evidence, her decision must be reversed and this matter remanded

3  for further proceedings.

4         A.   The ALJ's Evaluation of Dr. Malancharuvil's Testimony

5              Was Not Consistent with the Record

6         Plaintiff challenges the ALJ's evaluation of the medical

7  evidence. (See J. Stip. at 16-25, 31-32.)  Specifically,

8  Plaintiff challenges the ALJ's rejection of the opinions of his

9  treating physician, Dr. Fichtner, in favor of the testimony of

10 Dr. Malancharuvil and the opinions of consulting doctors

11 Rodriguez and Reynald Abejuela.  (Id.)  Because the ALJ erred in

12 her assessment of Dr. Malancharuvil's testimony, which provided

13 the basis for much of her decision, reversal is warranted on this

14 basis.

15        1.   Applicable law

16        Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive

17 disability benefits "if alcoholism or drug addiction would . . .

18 be a contributing factor material to the determination that the

19 individual is disabled."  The purpose of the statute is "to

20 discourage alcohol and drug abuse, or at least not to encourage

21 it with a permanent government subsidy."  Ball, 254 F.3d at 824.

22 Under the implementing regulations, the ALJ must conduct a drug

23 abuse and alcoholism analysis ("DAA analysis") by determining

24 which of the claimant's disabling limitations would remain if the

25 claimant stopped using drugs or alcohol.  20 C.F.R. § 416.935(b).

26

27        [5]   The Court addresses the issues raised in the Joint
28 Stipulation in an order different from that used by the parties, to
   avoid repetition and for other reasons.

1  If the remaining limitations would still be disabling, then the
2  claimant's drug addiction or alcoholism is not a contributing
3  factor material to his disability.  If the remaining limitations
4  would not be disabling, then the claimant's substance abuse is
5  material and benefits must be denied.  Id.  Plaintiff bears the
6  burden of proving that drug or alcohol addiction is not a
7  contributing factor material to the finding of disability.
8  Parra, 481 F.3d at 748.

9      An ALJ has an independent duty "to fully and fairly develop
10  the record and to assure that the claimant's interests are
11  considered."  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
12  1996) (internal quotation marks and citation omitted).  This is
13  true even if the claimant is represented by counsel.  See Celaya
14  v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003).  The ALJ's duty
15  to develop the record is triggered when there is "ambiguous
16  evidence or when the record is insufficient to allow for proper
17  evaluation of the evidence."  Mayes v. Massanari, 276 F.3d 453,
18  459-60 (9th Cir. 2001).  "The ALJ may discharge this duty in
19  several ways, including: subpoenaing the claimant's physicians,
20  submitting questions to the claimant's physicians, continuing the
21  hearing, or keeping the record open after the hearing to allow
22  supplementation of the record."  Tonapetyan v. Halter, 242 F.3d
23  1144, 1150 (9th Cir. 2001).

24      2.  Background

25      At the hearing, Dr. Malancharuvil testified that with drug
26  and alcohol use, Plaintiff met Listings 12.02 ("substance induced
27  psychotic disorder with Schizo-[a]ffective features"), 12.08
28  ("personality disorder of not otherwise specified"), and 12.09

9

1   (amphetamine and alcohol abuse).  (AR 51.)  Without drug and

2   alcohol use, Dr. Malancharuvil testified that Plaintiff "has not

3   been sober long enough to notice."  (Id.)  He noted that

4   Plaintiff was currently "stable" and his hallucinations had

5   subsided, but he "recently was drinking, and that would aggravate

6   the situation."  (AR 51-52.)  He testified that if Plaintiff

7   stopped using drugs and alcohol, "the assumption" would be that

8   Plaintiff would not meet or equal any Listings and "[e]mployment

9   would be restricted when he's sober to definitely capable of

10  simple work but probably moderately complex tasks, up to four to

11  five step instructions in a habituated setting[, and] object

12  oriented work with preclusion of any type of safety operations or

13  operating of hazardous machinery."  (AR 52.)  He then qualified

14  that statement by noting, "But these are speculations because he

15  has not been sober long enough."  (Id.)  He concluded by noting

16  that "right now, [Plaintiff] cannot work" and was "not capable of

17  functioning in any type of work setting on a consistent basis."

18  (Id.)  He then noted again that Plaintiff "has not been [sober]

19  long enough" to determine whether he could work, and "he has to

20  first become sober and then hopefully at that time it will be

21  easier for him to have a determination in his favor."  (AR 52-

22  53.)

23          3.  Analysis

24      In her written opinion, the ALJ gave "greatest weight" to

25  Dr. Malancharuvil's testimony.  (AR 26.)  The ALJ then

26  characterized Dr. Malancharuvil's testimony as follows:

27          Dr. Malancharuvil opined that with DAA the claimant

28      meets the requirements of listing 12.09 whereby he has

                            10

mild limitation in daily activities; marked limitation in social activities; marked limitation in concentration, persistence, or pace; and no repeated episodes of decompensation.

In testimony, Dr. Malancharuvil reported the claimant's drug and alcohol use was present and material beginning December 2009; the claimant has been in recent remission for approximately 8 months; and the claimant has intermittent alcohol abuse. Dr. Malancharuvil noted the claimant has not been sober very long, although the treatment records indicate he is stable with medication and he has fewer hallucinations.

The doctor testified that without DAA the claimant does not meet or equal any listings and he has none to mild limitation in daily activities; moderate limitation in social functioning; mild to moderate limitation in concentration, persistence, or pace; and no repeated episodes of decompensation.

Based on these findings, Dr. Malancharuvil opined the claimant can perform moderately complex tasks up to 4-5 step instructions in a habituated setting doing object oriented work; and the claimant is precluded from safety operations or operating hazardous machinery. The doctor determined if the claimant's symptoms persist for at least 1 year after sobriety, then it would be possible to determine the residual effects of long-term effects of drug use.

The findings of Dr. Malancharuvil are not

11

1    inconsistent with the findings of the undersigned; and
2    they are supported by the objective medical record.  As
3    such, the findings of Dr. Malancharuvil are given
4    greatest weight.
5    (AR 26-27.)
6        The ALJ's characterization of Dr. Malancharuvil's testimony
7    was improper.  The ALJ stated that Dr. Malancharuvil found that
8    if Plaintiff stopped drug use he would not meet any of the
9    Listings and could work.  (See id.)  In fact, Dr. Malancharuvil's
10   testimony was more equivocal.  Dr. Malancharuvil repeatedly
11   qualified his testimony by noting that his assessment of
12   Plaintiff's ability to work if he were sober was "speculation"
13   and that Plaintiff had not been sober long enough to determine
14   whether he would be disabled notwithstanding his substance abuse.
15   (See AR 51-53.)  Indeed, the only unequivocal statement Dr.
16   Malancharuvil made as to Plaintiff's ability to work was that
17   Plaintiff "right now . . . cannot work" and was "not capable of
18   functioning in any type of work setting on a consistent basis."
19   (AR 52.)  The ALJ gave "greatest weight" to Dr. Malancharuvil's
20   testimony without adequately accounting for his repeated
21   equivocations; doing so was reversible error.  See Tonapetyan,
22   242 F.3d at 1150-51 (holding that ALJ erred in relying "heavily"
23   on medical expert's equivocal testimony because "[g]iven this
24   reliance, the ALJ was not free to ignore [the medical expert's]
25   equivocations and his concern over the lack of a complete
26   record"); see also Tate v. Astrue, No. CV 11-3213 CW, 2012 WL
27   1229886, at *6 (C.D. Cal. Apr. 12, 2012) (ALJ erred in not
28   further developing record when "ME suggested that it was

                                 12

difficult for her to form an opinion with respect to Plaintiff's disability" and ultimate assessment of Plaintiff's RFC was "highly equivocal"); see also Sousa, 143 F.3d at 1245 ("Claimants subject to [§ 423(d)(2)(C)] must be given an opportunity to present evidence as to whether their disability would have remained if they stopped using drugs and alcohol.").[6]

It is certainly possible that in light of the other evidence in the record regarding Plaintiff's functional capacity if he stopped using drugs and alcohol, the ALJ could have discounted Dr. Malancharuvil's equivocations.  That seems unlikely, however, given that she gave his views the "greatest weight."  In any event, the Court cannot make that determination based on the record before it.  See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) (district court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking").  This matter must therefore be remanded for further proceedings.  On remand, the ALJ should either develop further evidence as necessary or explain why Dr. Malancharuvil's concerns over the completeness of the record were unwarranted.

Plaintiff also challenges the ALJ's rejection of the opinions of his treating physician, Dr. Fichtner.  The ALJ rejected those opinions in part based on their alleged

---

[6]     The ALJ stated that Dr. Malancharuvil found that with drug use, Plaintiff met Listing 12.09.  (AR 26.)  In fact, Dr. Malancharuvil testified that Plaintiff met Listings 12.02, 12.08, and 12.09.  (See AR 51.)

inconsistency with Dr. Malancharuvil's testimony.  (<u>See</u> AR 26.)
Because the ALJ improperly characterized Dr. Malancharuvil's
testimony, this was error.  <u>See</u> <u>Nguyen v. Chater</u>, 100 F.3d 1462,
1465 (9th Cir. 1996) ("Where the purported existence of an
inconsistency is squarely contradicted by the record, it may not
serve as the basis for the rejection of an examining [or
treating] physician's conclusions.").  On remand, the ALJ should
reevaluate Dr. Fichtner's opinions in connection with her
reevaluation of Dr. Malancharuvil's testimony and her
consideration of any further evidence that is developed.  To the
extent Plaintiff asserts that the new evidence from Dr. Fichtner
that was submitted to the Appeals Council warrants reversal, that
contention is now moot because the ALJ will have a chance to
evaluate that evidence on remand.  <u>See</u> <u>Johnson v. Astrue</u>, No.
C09-5688RBL, 2010 WL 3998098, at *5 (W.D. Wash. Sept. 14, 2010)
("Remand for reconsideration of the ALJ's residual functional
capacity finding . . . will necessarily require the
administration to reconsider all of the medical evidence,
plaintiff's testimony, the lay witness statements, and the
additional evidence submitted to the Administration's Appeals
Council in their entirety.").

     B.   <u>The ALJ's Omission of Plaintiff's RFC From the Written</u>
         <u>Decision</u>

    Plaintiff also challenges the ALJ's omission of Plaintiff's
RFC from her written decision, which appears to be a
transcription error. (J. Stip. at 5-7, 10; <u>see</u> AR 23.)  In
evaluating a claimant's RFC, the ALJ must make "specific findings
as to the claimant's residual functional capacity, the physical

14

and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th Cir. 2001); SSR 82-62, 1982 WL 31386, at *3-4; <u>see also</u> 20 C.F.R. § 416.920(e).  Transcription or similar errors are harmless if, notwithstanding the error, the ALJ gave adequate explanation of her findings elsewhere in her decision.  <u>See, e.g.</u>, <u>Wright v. Comm'r of Soc. Sec.</u>, 386 F. App'x 105, 109 (3d Cir. 2010) (Tashima, J., sitting by designation) (ALJ's misstatements in written decision harmless error when regardless of them "ALJ gave an adequate explanation supported by substantial evidence in the record"); <u>Castel v. Comm'r of Soc. Sec.</u>, 355 F. App'x 260, 265-66 (11th Cir. 2009) (ALJ's erroneous reference to wrong medical reports harmless when he referred to reports "in two sentences" but "dedicate[d] two paragraphs" to correct reports, and decision conformed to medical evidence); <u>Taylor v. Astrue</u>, No. 4:07-CV-160-FL, 2009 WL 50156, at *10 (E.D.N.C. Jan. 7, 2009) (ALJ's misstatement of claimant's RFC in one sentence of decision "akin to a typographical error and constitutes harmless error" given that ALJ correctly stated RFC elsewhere in opinion and it was "overwhelmingly supported by substantial evidence").  Although it appears that here, unlike in <u>Taylor</u>, the ALJ nowhere fully stated her RFC finding, the Court need not address whether the error was prejudicial because on remand the ALJ will have the opportunity to correct it.

      C.    <u>The ALJ Did Not Err in Relying on Dr. Rodriguez's Opinion</u>

Plaintiff also contends that the ALJ erred in relying on Dr. Rodriguez's opinion because Dr. Rodriguez was on probation before

15

1  the medical board when he examined Plaintiff.  (J. Stip. at 11-
2  13, 15-16.)   This contention does not warrant reversal.

3       Plaintiff has the burden to prove that an alleged error was
4  harmful.  See Shinseki v. Sanders, 556 U.S. 396, 409, 129 S. Ct.
5  1696, 1706, 173 L. Ed. 2d 532 (2009) ("[T]he burden of showing
6  that an error is harmful normally falls upon the party attacking
7  the agency's determination."); Ludwig v. Astrue, 681 F.3d 1047,
8  1054 (9th Cir. 2012) (citing Shinseki and noting that "[t]he
9  burden is on the party claiming error to demonstrate not only the
10 error, but also that it affected his 'substantial rights,' which
11 is to say, not merely his procedural rights").  Plaintiff has not
12 met his burden to show how Dr. Rodriguez's probation rendered his
13 decision unreliable.  Although Dr. Rodriguez apparently was on
14 probation at the time he examined Plaintiff, he was still allowed
15 to practice medicine.  (See J. Stip. Exs. 1-3.)  Plaintiff has
16 not pointed to any errors in Dr. Rodriguez's diagnosis that he
17 alleges were caused by his probationary status.  Reversal is
18 therefore not warranted on this basis.

19 **VI.  CONCLUSION**

20      When error exists in an administrative determination, "the
21 proper course, except in rare circumstances, is to remand to the
22 agency for additional investigation or explanation."  INS v.
23 Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272
24 (2002) (citations and quotation marks omitted); Moisa v.
25 Barnhart, 367 F.3d 882, 886 (9th Cir. 2004).  Accordingly,
26 remand, not an award of benefits, is the proper course in this
27 case.  See Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135,
28 1136 (9th Cir. 2011) (remand for automatic payment of benefits

inappropriate unless evidence unequivocally establishes

disability).  As noted above, on remand, the ALJ shall reevaluate

Dr. Malancharuvil's testimony and the other evidence of record

and may develop further evidence if necessary to determine

Plaintiff's functional capacity without substance abuse.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that (1) the decision of

the Commissioner is REVERSED; (2) Plaintiff's request for remand

is GRANTED; and (3) this action is REMANDED for further

proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve

copies of this Order and the Judgment herein on all parties or

their counsel.


DATED: June 24, 2013

JEAN ROSENBLUTH
U.S. Magistrate Judge

17